# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Juan V. Anderson, | Case No. 21-CV-0971 (SRN/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Morris Police Department and Doe x50, | |
| Defendants. | |
| Juan V. Anderson, | Case No. 21-CV-0972 (SRN/DTS) |
| Plaintiff, | |
| v. | |
| James Casson, Lawyer; Alex Butts, Officer; and Randi Yednak, | |
| Defendants. | |
| Juan V. Anderson, | Case No. 21-CV-1022 (SRN/DTS) |
| Plaintiff, | |
| v. | |
| Tim Henson and Doe x50, | |
| Defendants. | |

| | |
|---|---|
| Juan V. Anderson,<br><br>    Plaintiff,<br><br>v.<br><br>B. Krewer; Alex Butts, and Doe x50,<br><br>    Defendants. | Case No. 21-CV-1023 (SRN/DTS) |
| Juan V. Anderson,<br><br>    Plaintiff,<br><br>v.<br><br>Mike Rigner, Assistant Prosecutor; Catherine Hart; and Doe x50,<br><br>    Defendants. | Case No. 21-CV-1076 (SRN/DTS) |
| Juan V. Anderson,<br><br>    Plaintiff,<br><br>v.<br><br>Henry Police Department and Doe x50,<br><br>    Defendants. | Case No. 21-CV-1126 (SRN/DTS) |

| | |
|---|---|
| Juan V. Anderson,<br><br>               Plaintiff,<br><br>v.<br><br>Michael Regnier; Randy Yedinak; and Doe x50,<br><br>               Defendants. | Case No. 21-CV-1127 (SRN/DTS) |
| Juan V. Anderson,<br><br>               Plaintiff,<br><br>v.<br><br>Erick Mund; Bill Comet; and Doe x20,<br><br>               Defendants. | Case No. 21-CV-1128 (SRN/DTS) |
| Juan V. Anderson,<br><br>               Plaintiff,<br><br>v.<br><br>Randy Yedinak; Michael Regnier; and Doe x50,<br><br>               Defendants. | Case No. 21-CV-1150 (SRN/DTS) |

| | |
|---|---|
| Juan V. Anderson,<br><br>                    Plaintiff,<br><br>v.<br><br>Bill Betram (William); Randy Yedinak; Michael Regnier; and Doe x50,<br><br>                    Defendants. | Case No. 21-CV-1151 (SRN/DTS) |
| Juan V. Anderson,<br><br>                    Plaintiff,<br><br>v.<br><br>Tim Henson; Village of Dwight; and Doe x50,<br><br>                    Defendants. | Case No. 21-CV-1152 (SRN/DTS) |

SUSAN RICHARD NELSON, United States District Judge.

This matter is before the Court on plaintiff Juan V. Anderson's application to proceed *in forma pauperis* ("IFP") on appeal in each of these eleven proceedings. *See Anderson v. Morris Police Department*, No. 21-CV-0971, Doc. No. 12. The IFP application is denied for two reasons.

First, Anderson has not established his financial eligibility for IFP status. Although the appellate IFP application submitted by Anderson states that he has absolutely no assets or income, this information differs substantially from the IFP

4

applications submitted by Anderson upon initiating these proceedings only a few weeks ago, which stated that Anderson earned an income of as much as $300,000 per year and had $8,000 in checking or savings accounts from which to pay the filing fee for these matters. *See Anderson v. Casson*, No. 21-CV-0972, Doc. No. 2 (IFP application). And, in fact, Anderson paid the filing fee owed in three of these eleven actions. Without further explanation regarding why Anderson's financial status changed so drastically that, in a matter of weeks, Anderson's financial situation has changed such that he is now unable to pay the appellate filing fees, the IFP application cannot be granted.

Second, Anderson's appeals are not brought in good faith. *See* Fed. R. App. P. 24(a)(3). Anderson was offered an opportunity to establish why this District was a proper venue for this litigation and responded to those orders not with a reasoned explanation but with one pleading after another — fourteen in total — raising allegations concerning events that occurred outside of this District and against defendants who reside outside of this District. At no point did Anderson offer the Court a good explanation why Minnesota is an appropriate venue for this litigation. It is too late for Anderson to begin offering those explanations on appeal. *See Erwin v. City of Paragould, Ark.*, 806 F. App'x 498, 499 (8th Cir. 2020) (per curiam) (citing *Wever v. Lincoln County, Nebraska*, 388 F.3d 601, 608 (8th Cir. 2004)). Accordingly, even if Anderson did qualify financially for IFP status on appeal, his IFP application would nevertheless be denied.

**ORDER**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that the application to proceed *in forma pauperis* on appeal of plaintiff Juan V. Anderson [Case No. 21-CV-0971, Doc. No. 12] is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 1, 2021

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge